UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DOUGLAS BURKA, MD, )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>GARRISON PROPERTY AND )<br>CASUALTY COMPANY AND )<br>UNITED SERVICES AUTOMOBILE )<br>ASSOCIATION INSURANCE )<br>COMPANY, )<br>)<br>DEFENDANTS ) | CIVIL NO. 2:20-CV-172-DBH |

PROCEDURAL ORDER

**1.** I will soon issue my ruling on the parties' cross-motions for summary judgment on this duty-to-defend insurance case. I do not expect to seal my opinion, because the public is entitled to see my reasoning. But in preparing to issue the opinion, it has come to my attention that all the materials on the cross-motions are sealed as a result of the plaintiff's unopposed motion to the Magistrate Judge. (ECF No. 26). That motion stated that the plaintiff had "agreed not to disclose matters related to the underlying litigation absent a court order." Id. ¶ 2. It requested a sealing order "[o]ut of an abundance of caution" and "to ensure those documents remain confidential as required by the settlement." Id. ¶ 4.

I note that both Judge Singal and the First Circuit refused to seal documents in the plaintiff's coverage dispute with a different carrier concerning

the same underlying litigation, Order on Def.'s Mot. to Seal, MMIC v. Burka, No. 2:16-cv-462-GZS (D. Me. Apr. 25, 2018) (ECF No. 64); Order of Court, No. 17-1872 (1st Cir. Apr. 13, 2018); Order of Court, No. 17-1872 (1st Cir. Apr. 20, 2018). Judge Singal properly referred to the burden "to overcome the presumption of public access." Order on Def.'s Mot. to Seal at 1 (quoting Nat'l Org. for Marriage v. McKee, 649 F.3d 34, 71 (1st Cir. 2011), cert. denied, 565 U.S. 1234 (2012)).

Given this history, I see no reason to continue the seal in this case. I **ORDER** the parties to show cause by February 5, 2021, why I should not order that the seal in this case be lifted.

**2.** Like Judge Singal, I note that state courts have sealed dockets in other cases involving this plaintiff and his former wife. Indeed, it appears that the underlying Maine litigation was sealed in its entirety (I cannot see the docket), which has made it difficult for me to assess some of the arguments the parties make in their cross-motions concerning the status of that litigation at relevant times and whether, if there was a duty to defend, it terminated at some point. The plaintiff and the defendants in this case agree that the Maine Superior Court dismissed the invasion of privacy claim in the plaintiff's former spouse's lawsuit on September 22, 2016. Defs.' Opposing Statement of Material Facts (SMF), "Defendants' Additional Facts" ¶ 4 (ECF No. 36); Pl.'s Reply to Defs.' Additional Facts ¶ 4 (ECF No. 39). A Maine Superior Court Order of that date, part of the record as supplemented before Judge Singal, shows that at that time the Superior Court denied a motion to certify the dismissal and to enter final judgment for an interlocutory appeal. Ex. 5: Superior Court Order, attached to

Def.'s Mot. for Amendment and/or Clarification of Order, <u>MMIC v. Burka</u>, No. 2:16-cv-462-GZS (D. Me.) (ECF No. 45-5), accepted by the Court in Order at 2-3 (ECF No. 52).  The plaintiff says that his former spouse later took a timely appeal to the Law Court on June 7, 2017, that the appeal included the earlier dismissal of her invasion of privacy claim, that the appeal was still pending at the time of a global resolution in October 2017 (a separate sealing problem here because the plaintiff has refused to make the settlement document(s) available to the defendants), and that the global resolution resulted in dismissal of the appeal.  Pl.'s Opposing SMF ¶ 23 (ECF No. 34); Pl.'s Mot. for Summ. J. at 6 (ECF No. 27); Pl.'s Opp'n to Defs.' Cross Mot. for Summ. J. at 18-19 (ECF No. 33).  The defendants appear to disagree with the plaintiff on some of these events.  The plaintiff says he "will not produce [the] pleadings [from the underlying litigation] absent a court order," Pl.'s Opp'n to Defs.' Cross Motion for Summ. J. at 20.  Even if he does "produce" them, I may not be able to entertain them in the absence of access to the state court docket unless the defendants stipulate to their accuracy.  If the state court dockets were not sealed, I could take judicial notice of the events in state court.[1]

    I therefore also **ORDER** the parties by February 5, 2021, to tell me how I can take judicial notice of the events and their subject matter in the Maine courts; or, if I cannot take such notice, which party should suffer the

---

[1] A court can take judicial notice of documents filed in other courts "to establish the fact of such litigation and related filings," though it cannot do so "for the truth of the matters asserted in the other litigation."  <u>Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.</u>, 969 F.2d 1384, 1388 (2d. Cir. 1992) (cleaned up); <u>see</u> Fed. R. Evid. 201; <u>E.I. Du Pont de Nemours & Co., Inc. v. Cullen</u>, 791 F.2d 5, 7 (1st Cir. 1986) (taking judicial notice of a state court complaint in order to determine the action's legal nature).

consequence(s) of any contrary presumptions or failure to meet a burden; or whether I should simply deny summary judgment on this issue to both parties and await discovery.[2]

**SO ORDERED.**

**DATED THIS 25TH DAY OF JANUARY, 2021**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY
UNITED STATES DISTRICT JUDGE**

---

[2] Burka contends this issue was never contemplated by the parties as part of the cross-motion summary judgment practice:

> The Defendants now appear to be contending that they owed a duty to defend initially based on the allegations in the Amended Complaints, and then did not when certain claims were dismissed. That is not a position that was asserted in their original filing, nor was it anticipated in discussion with the court. The Defendants' initial assertion was that it never owed Dr. Burka a defense. The new and additional issues raised by this filing should be disregarded.

Pl.'s Reply to Defs.' Additional Facts at 1-2 (ECF No. 39); id. at 6 ¶ 10 ("how long USAA's duty to defend lasted [is] an issue that was not to be addressed during this phase of the litigation").