## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| DOUGLAS BURKA, MD, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GARRISON PROPERTY AND | ) | CIVIL NO. 2:20-cv-172-DBH |
| CASUALTY INSURANCE COMPANY | ) | |
| AND UNITED SERVICES | ) | |
| AUTOMOBILE ASSOCIATION | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| DEFENDANTS | ) | |

## PROCEDURAL ORDER

In advance of my upcoming ruling on the parties' cross-motions for summary judgment, I recently ordered the parties to tell me (1) whether I should lift the seal of summary judgment filings in this case; and (2) whether I can take judicial notice of events in the underlying Maine state court case (which was sealed), and if I cannot, then which party should suffer any evidentiary consequence(s) or whether I should deny summary judgment on the matter(s) concerned. Procedural Order, dated Jan. 25, 2021 (ECF No. 42).

**1.** In September 2020, the Magistrate Judge granted Burka's unopposed motion to seal the cross-motions for summary judgment and related filings. (ECF No. 32). Burka now asks that I leave the seal in place. He says that the settlement of the underlying litigation "requires confidentiality in very broad terms" and that his calls to seal documents have been made "to honor both the letter and the spirit of that agreement." Pl.'s Resp. to Procedural Order at 1 (ECF No. 43).

I conclude instead that the materials should be unsealed.  Like Judge Singal noted on Burka's motion to seal in litigation between Burka and a different insurer, the common-law presumption favors public access.  Order on Def.'s Mot. to Seal, <u>Med. Mut. Ins. Co. of Me., Inc. v. Burka</u>, No. 2:16-cv-462-GZS (D. Me. Apr. 25, 2018) (ECF No. 64) (citing <u>Nat'l Org. for Marriage v. McKee</u>, 649 F.3d 34, 70-71 (1st Cir. 2011)); <u>see</u> <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597-99 (1978).  And "the party seeking to keep documents sealed . . . must make a showing sufficient to overcome the presumption of public access." <u>Nat'l Org. for Marriage</u>, 649 F.3d at 71.  I find that Burka has not shown that the materials in this case should remain sealed.  Further, his primary concern appears to be maintaining confidentiality that he says the settlement agreement calls for, but almost nothing regarding the underlying litigation and settlement has been revealed in the parties' filings.  The little that has been shared was already largely publicly accessible via the <u>MMIC v. Burka</u> docket.

**2.**  Turning to the state court seals, I agree with Burka that the issue presented to the Magistrate Judge in structuring the parties' summary judgment motions was a narrow one.  It concerned whether USAA ever had a duty to defend in the underlying lawsuits and did not reach if/when any duty USAA may have had terminated.[1]

---

[1] The jointly proposed discovery plan (ECF No. 19), which the Magistrate Judge adopted (ECF No. 20), said in relevant part:

> The legal issue to be addressed in Phase One is whether the defendants owed a duty to defend the plaintiff in one or both of the two lawsuits ("the underlying litigation") brought against him; and, if so, what does that duty entail when the underlying litigation is complete.

I therefore **ORDER** that the seal be lifted on the documents filed in this case here in federal court.  If, following my order on the parties' cross-motions for summary judgment, anything remains to be decided that implicates the sealed state court docket and filings, I will deal with that subject then.

**SO ORDERED.**

**DATED THIS 9TH DAY OF FEBRUARY, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**