# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| DOUGLAS BURKA, MD, | ) |
|                     PLAINTIFF | ) |
| v. | ) |
| GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY AND UNITED SERVICES AUTOMOBILE ASSOCIATION INSURANCE COMPANY, | ) CIVIL NO. 2:20-CV-172-DBH |
|                     DEFENDANTS | ) |

## ORDER ON MOTION FOR RECONSIDERATION

Insurer USAA has filed a motion to reconsider my February 22, 2021, Decision and Order on Cross-Motions for Summary Judgment (ECF No. 46). Mot. to Reconsider (ECF No. 51). Because I adequately treated all USAA's arguments in my original order, I **DENY** the motion with this one additional comment addressing a recent case.

In its "Notice of Supplemental Authority in Support of Motion to Reconsider" (ECF No. 52), USAA contends that my refusal to consider its purported cancellation notice was error in light of a First Circuit decision issued after my order, <u>Joseph v. Lincare, Inc.</u>, 989 F.3d 147 (1st Cir. 2021). <u>Lincare</u> is distinguishable. In that case, Lincare had provided Joseph three company documents in response to Joseph's explicit discovery requests. The First Circuit remarked:

> [W]hen Joseph sought to use the documents as being what they appeared to be, Lincare never offered any suggestion that it had produced unauthentic documents. Rather, it simply played "gotcha," waiting until discovery was over to

>challenge authenticity by arguing that Joseph had failed to obtain an express admission of authentication by Lincare of its employees who created the documents. In rewarding this gambit, the district court erred.

Id. at 157.  Thus, it was Lincare that produced the documents in discovery and Lincare that later, once discovery was complete, challenged their authenticity. The court stated:

>Discovery is expensive enough without adding make-work. When a party in response to discovery requests points to a document that appears on its face to be a business record of the producing party, the other parties should be able to treat the document as authentic unless someone offers some reason to think otherwise, before it is too late to do something about it.

Id. at 156-57.  That reasoning simply does not apply here.  USAA produced the purported notice for the first time by attaching it to its objection to Burka's cross-motion for summary judgment without any evidentiary foundation, and Burka objected to the notice's authenticity.  See Defs.' Opposing Statement of Material Facts, Additional Facts ¶ 1 (ECF No. 36) (asserting that the policy was cancelled by Burka effective May 1, 2015); Pl.'s Reply to Defs.' Additional Facts ¶ 1 (ECF No. 39) (denying and stating "The only support submitted for this purported fact is a document that USAA asserts it issued.  The document is not submitted as a business record or otherwise supported by an Affidavit.").

The motion for reconsideration is **DENIED**.

**SO ORDERED.**

**DATED THIS 27TH DAY OF APRIL, 2021**

/s/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**